UNITED STATES DISTRICT COURT                                   O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA GUZMAN | § | |
| | § | |
|     Petitioner | § | |
| VS. | § | CIVIL ACTION NO. L-09-74 |
| | § | CRIMINAL NO.  L-08-1179-2 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Maria Guzman's ("Guzman") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.  [Dkt. No. 1].[1]  Upon review of the motion, the record, and controlling authorities, Guzman's motion is **DISMISSED with prejudice**.

## I.      BACKGROUND

On July 23, 2008, a federal grand jury in Laredo, Texas returned a three-count indictment against Guzman, charging her with transportation of aliens for the purpose of commercial advantage or financial gain within the United States by means of a motor vehicle.  [Cr. Dkt. No. 27].  Guzman decided to forego trial and entered into a plea agreement, then pled guilty before this Court as to Count One of the indictment.  [Min. Entry of October 15, 2008].  Count One specifically charged that, with knowing and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, Guzman transported and moved such alien, for purpose of commercial advantage or private financial gain within the United States by means of a motor vehicle, in violation of Title 8 United States Code § 1324(a)(1)(B)(i) and Title 18 United States Code § 2.  [Cr. Dkt. No. 27].  The Court accepted her

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title of each filing.  "Dkt. No." will be used to refer to filings in case number 5:09-cv-74.  Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:08-cr-1179-2.

plea.   [Digital Recording of October 15, 2008 Re-arraignment ("R.Rec.") at 10:34 a.m.].
Pursuant to the terms of her plea agreement, Guzman waived her right to appeal or collaterally
attack her resulting conviction and sentence.   In pertinent part, her plea agreement provides as
follows:

> [D]efendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or
> "collaterally attack" a conviction or sentence after the conviction or sentence has
> become final.   Defendant waives the right to contest his/her conviction or
> sentence by means of any post-conviction proceeding.

[Dkt. No. 48 at ¶ 7].

Thereafter, this Court sentenced Guzman to a term of 78 months imprisonment and three
years of supervised release.   [Digital Recording of February 26, 2009 Sentencing ("S.Rec.") at
10:44-51 a.m.]. The Court also ordered, as part of her term of supervised release, that she
participate in a mental health program.   [S.Rec. at 10:53 a.m.].   On the same day, the Court
sentenced Guzman to 78 months imprisonment and 3 years of supervised release for her
conviction in criminal case number 5:08-cr-1372.   [Digital Recording of February 26, 2009
Sentencing at 10:44 a.m.].   The Court ordered that these sentences run concurrently.   Also, the
Court sentenced Guzman to 12 months imprisonment for the revocation of her supervised release
in criminal case number 5:04-cr-1245-1.   In total, Guzman was thus sentenced to a total of 90
months imprisonment and 3 years of supervised release.   Judgment was subsequently entered on
March 4, 2009.  [Cr. Dkt. No. 61].

On June 24, 2009, Guzman filed the pending Motion to Vacate, Set Aside, or Correct her
sentence.  [Dkt. No. 1].   She presents three grounds for relief, which are all premised on a claim
of ineffective assistance of counsel.   First, Guzman directs the Court to "[her] counselors (sic)
lack of devotion," and argues that "[deficient] performance resulted in an unreliable unfair (sic)
outcome."   [*Id*. at 5].   Second, she avers, "[her defense counsel] failed to explore other plea

possibilities.  [She] did not agree with the plea bargain but was made to feel as if only option (sic)."  [*Id*. at 6].  And third, Guzman contends that her defense counsel failed to inform the Court of her "psychological medical condition."  [*Id*. at 8].

## II.    DISCUSSION

### A.    Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)).   Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).  After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  28 U.S.C. § 2255, PROC. R. 4(b).

### B.    Waiver of Right to Appeal and Right to Mount Collateral Attacks

Guzman alleges ineffective assistance of counsel, a wrong of constitutional proportion, which is proper in a motion under 28 U.S.C. § 2255.  The Court must first determine, however, whether her claim is foreclosed by the waiver of her right to collaterally attack her conviction and sentence.

It is well-established that a defendant may waive the right to appeal and collaterally

attack a conviction and sentence, so long as the waiver is both knowing and voluntary.  *See, e.g.*, *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements."); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999); *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997).  A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544.  A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence.  *See United States v. Boyd*, No. 3:06-cv-1365-H, 2007 WL 900949, at *3 (N.D. Tex. Mar. 23, 2007); *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("We think that a defendant's waiver of her right to appeal deserves and, indeed, requires the special attention of the district court.").  In limited circumstances, a defendant may plead around a waiver and claim ineffective assistance of counsel if he alleges that the waiver itself was tainted by counsel's ineffective assistance.  *White*, 307 F.3d at 339-43.

It is apparent to the Court that, despite her brief allegation to the contrary, Guzman knowingly and voluntarily waived her right to collaterally attack her conviction and sentence. The Fifth Circuit notes that Rule 11 admonishments provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas."  *United States v. Garcia*, 983 F.2d 625, 627 (5th Cir. 1993).  Moreover, the requirement that a waiver be knowing and voluntary is not a requirement that a court ensure that the defendant's knowledge is perfect; rather, a court "must only ascertain whether the defendant has a realistic or reasonable understanding of his plea." *Boyd*, 2007 WL 900949, at *4 (citing *United States v. Ruiz*, 536 U.S. 622, 631 (2002);

*Garcia*, 983 F.2d at 627-28).

During her re-arraignment hearing, Guzman affirmed that she reviewed her plea agreement with her attorney and signed it. [R.Rec. at 10:24 a.m.]. Guzman also represented that she understood that, under the terms of the plea agreement, she had given up her right to collaterally attack her sentence and conviction in exchange for a reduction in her guideline range. [*Id*. at 10:26 a.m.]. Also, Guzman signed her plea agreement and thus acknowledged that she understood she reviewed it with her counsel and understood its terms, including the provisions in paragraph seven that she was aware of her waiver of rights, including the right to collaterally attack a sentence after it became final, and that she agreed to waive her right to collaterally attack her sentence. [Cr. Dkt. No. 48 at ¶ 7]. Guzman also signed an addendum to her plea agreement, stating that she "read and carefully reviewed every part of [her] plea agreement with [her] attorney," and that she also understood the agreement and voluntarily agreed to its terms. [Cr. Dkt. No. 48].

The Court finds that there is no doubt that Guzman's waiver of her right to appeal and collateral attack was "knowing and voluntary." In her motion, Guzman alleges that she did not agree with her plea bargain and was made to feel as if it was her only option. However, these bare assertions do not overcome her sworn statements in open court, which carry a strong presumption of veracity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 282-84 (5th Cir. 2002). As a result, there is no basis to suggest that the plea was unknowing or invalid.

Moreover, as the well-reasoned opinion of the district court in *Boyd* explains, mere

averments of an unknowing or involuntary waiver in a habeas corpus petition may not be sufficient to overcome the presumptions of regularity and truthfulness which inhere in official documents such as plea agreements, official records, and proceedings in open court—such as plea hearings. *See* 2007 WL 900949, at *6 (discussing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974)).  Beyond her brief and conclusory assertions, Guzman has presented nothing which would tend to undermine these well-established presumptions.

Based upon a thorough review of the Rule 11 hearing and her signed plea agreement, the Court concludes that Guzman knowingly and voluntarily waived her right to appeal and to collaterally attack her sentence and conviction.  *See Bond*, 414 F.3d at 544.  The Court next concludes that the terms of Guzman's plea agreement extend to the current petition.  *See id.*  In no uncertain terms, Guzman validly agreed not to file a petition pursuant to 28 U.S.C. § 2255. Therefore, the Court may not consider the claims presented in the instant motion.

### C.      Ineffective Assistance of Counsel

Notwithstanding this Court's finding that Guzman waived her right to collaterally attack her sentence, the Court turns to address her claim that her defense counsel was ineffective in failing to inform the Court of Guzman's "psychological medical condition."  [Dkt. No. 1 at 8]. In order to merit post-conviction relief due to ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance was deficient and (2) that he suffered prejudice as a result.  *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Motley v. Collins,* 18 F.3d 1223, 1226 (5th Cir.), *cert. denied,* 513 U.S. 960, 115 S.Ct. 418, 130 L.Ed.2d 333 (1994) (summarizing the *Strickland* standard of review).  Under the "prejudice"

requirement, a defendant must show a reasonable probability that, but for counsel's errors, the proceeding's result would have been different. *Strickland,* 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane v. Johnson,* 178 F.3d 309, 312-13 (5th Cir. 1999) (citing *Ransom v. Johnson,* 126 F.3d 716, 721 (5th Cir.), *cert. denied,* 522 U.S. 944, 118 S.Ct. 361, 139 L.Ed.2d 281 (1997)).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See Strickland,* 466 U.S. at 687; *Carter v. Johnson,* 131 F.3d 452, 463 (5th Cir. 1997) (finding that "[f]ailure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim . . . ."). Thus, a court does not have to analyze both components of a claim of ineffective assistance of counsel if the movant has made an insufficient showing as to one prong. *United States v. Stewart,* 207 F.3d 750, 751 (5th Cir. 2000) (per curiam).

Here, Guzman cannot show prejudice, as the record indicates that the Court was well aware of her mental health history. Indeed, prior to her sentencing, the Court reviewed Guzman's presentence report, which indicated that she suffers from depression and hyperactivity. [PSR at ¶ 75]. The presentence report also reflected that Guzman had received mental health treatment while on supervised release. [*Id.*]. And during her subsequent sentencing proceeding, the Court admonished Guzman that she was charged with violating the terms of her supervised release, including a failure to participate as directed in a mental health program. [S.Rec. at 9:55 a.m.]. Still, the Court notes that Guzman's defense counsel provided

no response when, during the re-arraignment proceeding, the Court asked whether she had previously received the care of a doctor, psychologist, psychiatrist, or other mental health professional for any mental health issues.  [R.Rec. at 10:09-14 a.m.].  However, that her defense counsel gave no response does not overcome the fact that Guzman's presentence report provided the Court with awareness of her mental health.  Moreover, there is no indication that Guzman's depression or hyperactivity affected the validity of her plea.  Indeed, at the close of Guzman's re-arraignment proceeding, the Court concluded that she was competent to enter her plea, and that she understood the nature of charges against her, as well as the consequences of entering a plea.  [R.Rec. at 10:34 a.m.].  Thus, even assuming, for the sake of argument, that her defense counsel's performance was deficient for his alleged failure, Guzman cannot show that her counsel's performance resulted in prejudice.  Her claim as to this issue is without merit.

## III.    CONCLUSION

The Court concludes that Guzman is not entitled to the relief she seeks.  Therefore, her motion is **DISMISSED with prejudice**.  Additionally, should Guzman seek a certificate of appealability, such is **DENIED**.  A separate final judgment shall issue.

IT IS SO ORDERED.

SIGNED this 14th day of October, 2009, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE